## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES F. SINKOVITZ,

       Petitioner,

   v.

SUPERINTENDENT GEORGE
MILLER, *et al.*,

       Respondents.

No. 4:19-CV-01947

(Judge Brann)

## MEMORANDUM OPINION

### OCTOBER 30, 2020

Petitioner James F. Sinkovitz, a state prisoner presently confined at the State Correctional Institution at Waymart in Waymart, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction on numerous grounds.[1]  Respondents filed an answer raising as an affirmative defense the statute of limitations, arguing that the petition is untimely.[2]  Petitioner filed a reply, which does not address the issue of the statute of limitations other than to note that "Petitioner has timely filed every document."[3]

For the reasons discussed below, the Court will dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

---

[1]   Docs. 1 (petition), 2 (brief).
[2]   Doc. 12.
[3]   Doc. 13.

## I.     BACKGROUND

On November 19, 2009, Petitioner was convicted by a jury of first-degree murder in the Court of Common Pleas of Dauphin County, Pennsylvania and was sentenced to life in prison on November 23, 2009.[4]  Petitioner filed a timely direct appeal, however the Superior Court of Pennsylvania affirmed his conviction and sentence on February 8, 2011.[5]  Petitioner next sought permission to appeal to the Supreme Court of Pennsylvania; his petition for allowance of appeal was denied on September 28, 2011.[6]  Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States, and the time for doing so expired on December 27, 2011.[7]

Two hundred and seventy-six days later, on September 28, 2012, Petitioner filed a timely PCRA petition.[8]  That petition was denied, and the denial of the PCRA petition was affirmed by the Superior Court on March 9, 2015.[9]  Petitioner did not seek allowance of appeal with the Supreme Court of Pennsylvania, and the time for doing so expired on April 8, 2015.[10]

---

[4]   Doc. 12 at 4.
[5]   *Id.*
[6]   *Id.*
[7]   *Id.*
[8]   *Id.*
[9]   *Id.*
[10]  *Id.*

Over two years later on November 3, 2017, Petitioner filed a second PCRA petition which was denied as untimely and affirmed on appeal.[11]  Both the PCRA court and the Superior Court found that Petitioner could not establish the newly-discovered evidence exception to the untimeliness of his second petition.[12]

Petitioner filed the instant habeas petition on November 7, 2019.[13]  In it, he raises the following grounds for relief:  (1) ineffective assistance of trial and post-conviction counsel; (2) incompetency of the trial court causing various constitutional violations; (3) selective prosecution and manipulation of defense counsel; and (4) improper charge to the jury.[14]  Petitioner explains that he did not exhaust Ground 2 because "the issue was not developed until para-legal help with research discovered this issue."[15]  Petitioner does not address the timeliness of his petition.[16]  In its answer, Respondents argue that the petition is untimely because the statute of limitations for filing the federal habeas petition expired on July 6, 2015.[17]

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the applicable statute of limitations for Petitioner's habeas petition, and it provides, in pertinent part:

---

[11]   *See id.* at 5; Doc. 12-20 (Superior Court order affirming denial of second PCRA petition as untimely and rejecting Petitioner's argument of newly discovered evidence).

[12]   *See* Doc. 12-20.

[13]   *See* Doc. 1 (dated November 7, 2019, but filed November 13, 2019).

[14]   *See* Doc. 1.

[15]   *See id.* at 8.

[16]   *See id.* at 13.

[17]   Doc. 12.

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[18]

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States.[19]

Here, Petitioner filed a direct appeal but did not file a petition for writ of certiorari.  The time for doing so expired on December 27, 2011, and thus his conviction became final on December 28, 2011.  Petitioner did not file his first PCRA petition until after direct appeal concluded, and thus his federal habeas statute of limitations began to run on December 28, 2011.[20]  Two hundred and seventy-six

---

[18]   28 U.S.C. § 2244(d).  *See also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).
[19]   *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).
[20]   *See* 28 U.S.C. § 2244(d)(1)(a).

days of Petitioner's federal habeas statute of limitations had run when Petitioner filed his first PCRA petition on September 28, 2012. At this point, the federal statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2) during the duration of his PCRA proceedings including any appeals. According to the record before the Court, those proceedings ended on April 8, 2015, when the time for filing a petition for allowance of appeal with the Supreme Court of Pennsylvania expired. Thus, the habeas statute of limitations started to run again on April 9, 2015. It expired on or about July 6, 2015.[21]

Petitioner's second PCRA petition has no effect on the running of the statute of limitations, because the period of limitations had already expired when the second PCRA petition was filed. Notably, however, even if Petitioner had filed the second PCRA petition during the applicable period of limitations, it would not have tolled the statute of limitations because the second PCRA petition was dismissed as untimely.[22]

Before concluding that the Petition is untimely, the Court must determine whether Petitioner would be entitled to an alternative starting point for the one-year limitations period pursuant to § 2244(d)(1)(D). Petitioner intimates that his second

---

[21] The Court notes that in 2015 Independence Day fell on a Saturday, but was legally celebrated on July 3, 2015, not July 6, 2015.

[22] *See Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001) (holding that for the statute of limitations to be tolled or remain tolled, any PCRA petition must be both pending and properly filed; in Pennsylvania, an untimely petition is not properly filed).

ground for relief was not "discovered" until a paralegal helped him with research; in that ground, Petitioner alleges that the trial court was generally ineffective.

Section 2244(d)(1)(D) provides an additional one-year period of limitations for bringing a § 2254 habeas petition from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  "[I]t is appropriate to place at least some burden of pleading and production on a habeas petitioner to show that the date for the running of the AEDPA limitations period should . . . state from the date on which a factual predicate could have first been discovered."[23]  "This is so because it would seem that such information is more peculiarly within the party asserting/arguing the existence of such impediment and/or factual predicate, i.e., the habeas petitioner."[24]

Here, Petitioner fails to specify any newly discovered evidence or factual predicate that would make his second ground for relief timely under § 2244(d)(1)(D).  He also fails to explain when he discovered this unidentified factual predicate and how he exercised due diligence in discovering it.

---

[23] *United States ex rel. Lipchey v. Corbett*, No. No. 06-cv-989, 2007 WL 2428662, at *5 (W.D. Pa. Aug. 22, 2007) (citing *Jackson v. Sec'y for Dep't of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002).  *See also Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and an opportunity to demonstrate why the affirmative defense should not succeed."); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.2002) ("[O]nce a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response"), *abrogation on other grounds recognized in Moreno v. Harrison*, 245 F. App'x 606 (9th Cir. 2007).

[24] *Corbett*, 2007 WL 2428662, at *5.

The Court has comprehensively reviewed his petition and supporting memorandum of law and can discern no factual predicate upon which Petitioner can now bring his ground of ineffective trial counsel.  Further, Petitioner does not even specify in his petition and brief how the trial court violated his constitutional rights other than to say that the trial court misled Petitioner regarding his ability to raise pretrial ineffective assistance of counsel.[25]  Petitioner was, of course, present at his trial, and he raised the ineffectiveness of his trial counsel in his first PCRA petition, and would have known, at the latest, any ineffectiveness on the part of his PCRA counsel at the conclusion of his first PCRA proceedings, which concluded on April 8, 2015.

It is unclear to the Court how any of these facts could not have been discovered earlier.  Petitioner, having been on notice of the timeliness issue, has failed to demonstrate that his petition is timely under § 2244(d)(1)(D).  Therefore, the Court finds that Petitioner cannot avail himself of § 2244(d)(1)(D), and the petition is untimely.

Next, the Court must determine whether equitable tolling may apply to Petitioner's untimely petition.  In *Holland v. Florida*, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis.[26]  A litigant seeking equitable tolling bears the burden

---

[25]  Doc. 2 at 7.

[26]  560 U.S. 631, 649-50 (2010).  *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).

of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[27]

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.[28] "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."[29] Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.[30]

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling.[31] Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him

---

[27] *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

[28] *Holland*, 560 U.S. at 653.

[29] *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").

[30] *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

[31] *Holland*, 560 U.S. at 651 (citations omitted). *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."[32]

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the petitioner, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.[33] Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[34]

Here, Petitioner was put on notice regarding the untimeliness of his federal habeas petition by Respondent's answer and had an opportunity to address the untimeliness issue and arguments in favor of tolling in his reply.  Petitioner offers no explanation for the delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling.  Furthermore, the Court has reviewed

---

[32]  *LaCava*, 398 F.3d at 275–276.  *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

[33]  *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

[34]  *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner's filings and sees no circumstance which could potentially trigger equitable tolling.  None.

In light of the fact that Petitioner is proceeding *pro se*, however, the Court will permit Petitioner thirty (30) days in which to present the Court with any argument he wishes to make regarding equitable tolling.  Should the Petitioner decline to do so the Petition will be dismissed with prejudice.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[35]  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[36]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

---

[35]   28 U.S.C. § 2253(c)(2).
[36]   *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[37]

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall therefore issue.

## IV.   CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d).  Petitioner is granted leave to plead over regarding the equitable tolling issue.  A certificate of appealability shall not issue.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[37]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).