# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES F. SINKOVITZ, | No. 4:19-CV-01947 |
| Petitioner, | (Judge Brann) |
| v. | |
| SUPERINTENDENT GEORGE MILLER, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

### DECEMBER 21, 2020

Petitioner James F. Sinkovitz, a state prisoner presently confined at the State Correctional Institution at Waymart in Waymart, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] The Court previously dismissed the petition without prejudice as untimely, but permitted Petitioner an additional period of time in which to present any argument regarding equitable tolling.[2] Petitioner has now filed a supplemental brief regarding equitable tolling.[3] For the reasons discussed below, Petitioner's circumstances do not warrant equitable tolling, and the Court will dismiss the petition with prejudice as time-barred under 28 U.S.C. § 2244(d).

---

[1] Doc. 1.
[2] Docs. 15 (mem.), 16 (order).
[3] Doc. 17.

1

## I.      BACKGROUND

On November 19, 2009, Petitioner was convicted by jury in the Court of Common Pleas of Dauphin County, Pennsylvania[4] of first-degree murder and was sentenced to life in prison on November 23, 2009. Petitioner filed timely direct appeals through all levels of the Pennsylvania courts; however he did not file a petition for writ of certiorari with the Supreme Court of the United States, and the time for doing so expired on December 27, 2011.[5]

Two hundred and seventy-six days later, on September 28, 2012, Petitioner filed a timely PCRA petition.[6] That petition was denied, and that denial was affirmed by the Superior Court of Pennsylvania on March 9, 2015.[7] Petitioner did not seek allowance of appeal with the Supreme Court of Pennsylvania, and the time for doing so expired on April 8, 2015.[8] Over two years later, Petitioner filed a second PCRA petition on November 3, 2017, which was denied as untimely and affirmed on appeal.[9] Both the PCRA court and the Superior Court found that Petitioner could not establish the newly-discovered evidence exception to the untimeliness of his second petition.[10]

---

[4]   Doc. 12 at 4.
[5]   *Id.*
[6]   *Id.*
[7]   *Id.*
[8]   *Id.*
[9]   *See id.* at 5; Doc. 12-20 (Superior Court order affirming denial of second PCRA petition as untimely and rejecting Petitioner's argument of newly discovered evidence).
[10]  *See* Doc. 12-20.

Petitioner filed the instant habeas petition on November 7, 2019, raising various issues related to his jury trial.[11] Respondents filed an answer raising as an affirmative defense the statute of limitations, arguing that the petition is untimely.[12] After Petitioner filed a reply in which he merely stated that he had "timely filed every document," the Court determined that the petition was in fact untimely under 28 U.S.C. § 2244(d)(1)(A), because the petition was filed over a year after his state conviction became final, and under § 2244(d)(1)(D), because Petitioner failed to specify any newly discovered evidence or factual predicate that would make his grounds for relief timely. The Court dismissed the petition without prejudice, but provided Petitioner with an opportunity to advance any arguments regarding equitable tolling that he wished to make.

Petitioner has since filed a supplemental brief regarding the timeliness of his petition.[13] In it, Petitioner admits that he understood that the federal habeas statute of limitations originally ran in 2015, that he received the criminal dockets of persons involved in the underlying criminal offense in 2017 from a family member,[14] and that he then filed in state court a second PCRA petition based on this "newly discovered evidence."

---

[11] *See* Doc. 1 (dated November 7, 2019, but filed November 13, 2019).
[12] Doc. 11. Respondents also argued that *Alleyne* would not even apply to Petitioner's circumstance because he did not receive a mandatory sentence.
[13] Doc. 15.
[14] Petitioner believes that the criminal histories of those other persons involved in the underlying criminal offense constitute *Brady* violations that should have been turned over during his trial.

## II. DISCUSSION

As the Court noted in its prior memorandum opinion, AEDPA's one-year limitations period for habeas petitions is subject to equitable tolling in appropriate cases, on a case-by-case basis.[15] A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[16]

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.[17] "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."[18] Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.[19]

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting

---

[15] 560 U.S. 631, 649–50 (2010). *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013).

[16] *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

[17] *Holland*, 560 U.S. at 653.

[18] *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). *See also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").

[19] *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

4

equitable tolling.[20]  Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."[21]

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the petitioner, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.[22] Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[23]

---

[20] *Holland*, 560 U.S. at 651 (citations omitted). *See also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

[21] *LaCava*, 398 F.3d at 275–276. *See also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

[22] *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

[23] *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

The Court has reviewed Petitioner's supplemental brief.  First, Petitioner has not pursued his rights diligently.  Although Petitioner states he only received the criminal histories of other persons involved in his underlying criminal offense in 2017, his explanation for the delay in obtaining these reports cannot support equitable tolling.  Petitioner also states that he does not have access to the internet in prison; however, he fails to explain how that lack of access prevented him from accessing criminal records that existed in 2009 until 2017.  Further, Petitioner fails to explain why he did not raise the issue of these criminal histories in either his direct appeal or his first PCRA petition.  Notably, Petitioner does not include these criminal histories or explain how they would have undermined the jury verdict in his trial.

In addition, Petitioner has not demonstrated the sort of extraordinary circumstances that would warrant equitable tolling.  He alleges no external factor that prevented him from raising this issue at an earlier, appropriate time, nor does he allege any of the other few circumstances that have been deemed extraordinary.  His allegation that he could not access the internet is typical of all state prisoners.

Because Petitioner has failed to demonstrate either that he has been pursuing his rights diligently or that any extraordinary circumstances existed, the Court will dismiss the Petition with prejudice as untimely.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[24]  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[25]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[26]

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

---

[24]   28 U.S.C. § 2253(c)(2).
[25]   *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).
[26]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d), and a certificate of appealability should not issue.

An appropriate Order follows.

                                  BY THE COURT:

                                  *s/ Matthew W. Brann*
                                  Matthew W. Brann
                                  United States District Judge